**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

| | | |
|---|---|---|
| **JERRY BLANEY, #1519297,** § | | |
| Petitioner, § | | |
| § | | |
| v. § | | 3:09-CV-1572-O |
| § | | |
| **RICK THALER, Director,** § | | |
| **Texas Department of Criminal Justice,** § | | |
| **Correctional Institutions Div.,** § | | |
| Respondent. § | | |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to the provisions of 28 U.S.C. § 636(b), and an order of the District Court in implementation thereof, this case has been referred to the United States Magistrate Judge. The findings, conclusions and recommendation of the Magistrate Judge, as evidenced by his signature thereto, are as follows:

FINDINGS AND CONCLUSIONS:

Type of Case: This is a *pro se* petition for habeas corpus relief submitted by a state prisoner pursuant to 28 U.S.C. § 2254.

Parties: Petitioner is currently confined within the Texas Department of Criminal Justice – Correctional Institutions Division (TDCJ-CID) at the Terrell Unit in Rosharon, Texas. Respondent is the Director of TDCJ-CID. The court did not issue process in this case pending preliminary screening.

Statement of the Case: On August 25, 2009, the court received a "Judicial Complaint" from Petitioner along with the $5 filing fee, raising claims stemming from Petitioner's state conviction for aggravated sexual assault of a child. *See State v. Blaney*, No. F05-00065 (203rd

District Court, Dallas County, Texas), *direct criminal appeal pending* in No. 05-08-01049-CR (Tex. App. –Dallas) (*see* attached docket sheet).  Since Petitioner sought to challenge his underlying state conviction, the court filed a deficiency order on August 31, 2009, requiring him to submit his pleadings on the form petition for seeking habeas corpus relief.  As of the date of this recommendation, Petitioner has not complied with the deficiency order.  Nor has he sought an extension of time to do so.

      <u>Findings and Conclusions</u>:  Rule 41(b), of the Federal Rules of Civil Procedure, allows a court to dismiss an action *sua sponte* for failure to prosecute or for failure to comply with the federal rules or any court order.  *Larson v. Scott*, 157 F.3d 1030, 1031 (5th Cir. 1998); *McCullough v. Lynaugh*, 835 F.2d 1126, 1127(5th Cir. 1988).  "This authority [under Rule 41(b)] flows from the court's inherent power to control its docket and prevent undue delays in the disposition of pending cases."  *Boudwin v. Graystone Ins. Co., Ltd.*, 756 F.2d 399, 401 (5th Cir. 1985) (citing *Link v. Wabash R.R. Co.*, 370 U.S. 626 (1962)).

      Petitioner has been given ample opportunity to comply with the deficiency order and submit his petition on the court-approved form.  However, he has failed to do so.  Therefore, this action should be dismissed without prejudice for want of prosecution.  *See* Fed. R. Civ. 41(b) (an involuntary dismissal "operates as an adjudication on the merits," unless otherwise specified); *Callip v. Harris County Child Welfare Department*, 757 F.2d 1513, 1519 (5th Cir. 1985) (setting out higher standard for dismissals with prejudice for want of prosecution).[1]

---

[1] Since Petitioner's direct criminal appeal is presently pending, his conviction in No. F05-00065 is not yet final for purposes of the one-year statute of limitations applicable to habeas corpus petitions filed by state prisoners.  *See* 28 U.S.C. § 2244(d).  As such, the court need not apply the higher *Callip* standard of review.  *See Bryson v. United States*, 553 F.3d 402, 403-04 (5th Cir. 2008) (dismissal with prejudice under Rule 41(b) appropriate in a § 2241 case

RECOMMENDATION:

For the foregoing reasons, it is recommended that the petition for a writ of habeas corpus be DISMISSED without prejudice for want of prosecution.

Signed this 13th day of October, 2009.

_____
WM. F. SANDERSON, JR.
UNITED STATES MAGISTRATE JUDGE


NOTICE

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 10 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error.

---

"where there is a 'clear record of delay or contumacious conduct by the plaintiff, . . ., and when lesser sanctions would not serve the best interests of justice."); *see also Long v. Simmons*, 77 F.3d 878, 880 (5th Cir. 1996) (same standard applicable to prisoner *pro se* complaint filed pursuant to 42 U.S.C. § 1983); *Berry v. CIGNA/RSI-CIGNA*, 975 88, 1191 (5th Cir. 1992) (same standard applicable to non-prisoner civil case).

**ATTACHMENT**