IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| **JERRY BLANEY, #1519297,** | § | |
| Petitioner, | § | |
| | § | |
| v. | § | 3:09-CV-1572-O |
| | § | |
| **RICK THALER, Director,** | § | |
| **Texas Department of Criminal Justice,** | § | |
| **Correctional Institutions Div.,** | § | |
| Respondent. | § | |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to the provisions of 28 U.S.C. § 636(b), and an order of the District Court filed on November 17, 2009, this case has been re-referred to the United States Magistrate Judge to consider Petitioner's October 27, 2009 amended habeas corpus petition. The findings, conclusions and recommendation of the Magistrate Judge, as evidenced by his signature thereto, are as follows:

FINDINGS AND CONCLUSIONS:

Type of Case: This is a *pro se* petition for habeas corpus relief filed by a state inmate pursuant to 28 U.S.C. § 2254.

Parties: Petitioner is currently confined within the Texas Department of Criminal Justice – Correctional Institutions Division (TDCJ-CID) at the Terrell Unit in Rosharon, Texas. Respondent is the Director of TDCJ-CID. The court did not issue process in this case pending preliminary screening.

Statement of the Case: On July 18, 2008, a Dallas County jury convicted Petitioner for the offense of aggravated sexual assault of a child and sentenced him to life imprisonment. *State*

*v. Blaney*, No. F05-00065 ( 203rd Jud. Dist. Court). Petitioner's direct criminal appeal is presently pending before the Fifth Court of Appeals at Dallas. *Blaney v. State*, No. 05-08-01049-CR (Tex. App. – Dallas).[1]

This is Petitioner's third federal habeas petition seeking relief from his aggravated sexual assault conviction. The court dismissed his first two actions for failure to exhaust state court remedies. *See Blaney v. 203rd Judicial District Court*, 3:08cv637-G (N.D. Tex., Jul. 17, 2008); *Blaney v. State of Texas*, 3:08cv1382-L (N.D. Tex. Oct. 30, 2008) (same).[2]

In his amended petition, Petitioner again seeks to challenge his conviction for aggravated sexual assault of a child. In seven grounds, he challenges the evidence, the indictment, the police report, his extradition, the enhancement of his sentence, the denial of a speedy trial, and the ineffective assistance of his counsel.

<u>Findings and Conclusions</u>: This action is governed by the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), which provides in pertinent part that a state prisoner must exhaust all available state court remedies before a federal court will consider the merits of his claims. 28 U.S.C. § 2254(b) and (c); *Rhines v. Weber*, 544 U.S. 269, 274, 125 S. Ct. 1528 (2005). The exhaustion requirement is designed to "protect the state court's role in the enforcement of federal law and prevent the disruption of state judicial proceedings." *Rose v.*

---

[1] It appears Petitioner prematurely sought leave to file a state habeas application during the pendency of his direct appeal. *See In re Blaney*, No. WR-72,873-01 (Tex. Crim. App. Oct. 28, 2009) (denying motion for leave to file original state habeas application).

[2] Petitioner also filed a civil rights action requesting *inter alia* release from confinement. The district court dismissed the request for release from confinement (construed as a request for habeas corpus relief) without prejudice to Petitioner's right to file after exhausting state habeas corpus remedies. *See Blaney v. Meyers, et al.,* 3:08cv1869-P (N.D. Tex. Feb. 17, 2009) (accepting findings, conclusions and recommendation of the undersigned magistrate judge).

*Lundy*, 455 U.S. 509, 518, 102 S. Ct. 1198 (1982); *see also Rhines*, 544 U.S. at 274.  Exhaustion of state court remedies "is satisfied when the substance of the federal habeas claim has been fairly presented to the highest state court." *Morris v. Dretke*, 379 F.3d 199, 204 (5th Cir. 2004) (quoting *Mercadel v. Cain,* 179 F.3d 271, 275 (5th Cir. 1999)).  A Texas prisoner may satisfy that requirement by presenting both the factual and legal substance of his claims to the Texas Court of Criminal Appeals in a petition for discretionary review or in an application for a state writ of habeas corpus pursuant to Tex. Code Crim. Proc. art. 11.07.  *Whitehead v. Johnson*, 157 F.3d 384, 387 (5th Cir. 1998); *Bautista v. McCotter*, 793 F.2d 109, 110 (5th Cir. 1986); *Richardson v. Procunier*, 762 F.2d 429, 430-32 (5th Cir. 1985).

     Petitioner has not satisfied the exhaustion requirement.  The Court of Criminal Appeals has not had an opportunity to consider the claims raised in his federal petition.  Petitioner's direct criminal appeal is presently pending before the Fifth Court of Appeals.  (*See also* Amd. Pet. ¶ 15, conceding pendency of direct appeal).  Moreover, Petitioner will need to exhaust his state habeas corpus remedies with respect to any of the claims not presented on direct appeal. *See* Tex. Code Crim. Proc. art. 11.07.  Accordingly, the petition for a writ of habeas corpus should be dismissed without prejudice to Petitioner's right to re-file after exhausting his state court remedies.[3]

---

[3] The court cautions Petitioner that the 1996 amendments to the habeas corpus statute impose a one-year statute of limitations for filing habeas corpus petitions in federal court, *see* 28 U.S.C. § 2244(d), and that this provision is applicable to this and any subsequent petition that Petitioner may file in this court.

RECOMMENDATION:

For the foregoing reasons, it is recommended that the petition for a writ of habeas corpus be DISMISSED without prejudice for failure to exhaust state court remedies. *See* 28 U.S.C. § 2254(b) and (c).

Signed this 19th day of November, 2009.


_____
WM. F. SANDERSON, JR.
UNITED STATES MAGISTRATE JUDGE


NOTICE

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error.